NONPROFIT LEGAL SERVICES OF UTAH
Aaron C. Garrett, #12519
623 East 2100 South, Suite B1
Salt Lake City, Utah 84106
Tel: (385) 419-4111
Fax: (801) 401-3504
aaron@nonprofitlegalservices.com
*Attorneys for Plaintiff Jeffrey Cornelison*

| IN THE UNITED STATES DISTRICT COURT<br>DISTRICT OF UTAH, CENTRAL DIVISION ||
|---|---|
| **JEFFREY CORNELISON**,<br><br>    Plaintiff,<br><br>v.<br><br>**MASSACHUSETTS HIGHER EDUCATION ASSISTANCE CORPORATION d/b/a AMERICAN STUDENT ASSISTANCE**, a Massachusetts Nonprofit Corporation; and **PHILIP H. ROSENFELT**, in his Official Capacity as Acting Secretary of the United States Department of Education,<br><br>    Defendants. | **AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>2:20-cv-00140-DBB-JCB<br><br>Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Jeffrey Cornelison, by and through undersigned counsel of record, complains against Defendants Massachusetts Higher Education Assistance Corporation, d/b/a American Student Assistance and Philip H. Rosenfelt, in his Official Capacity as the Acting Secretary of the United States Department of Education, and requests relief as follows:

## SUMMARY OF COMPLAINT

1.      Defendant Massachusetts Higher Education Assistance Corporation, acting as the guarantor/agent of the United States Department of Education, is attempting to collect an alleged student loan debt from Plaintiff Jeffrey Cornelison which is not nor has ever been his debt.  The parties have been through the administrative process and Mr. Cornelison now requests judicial review of the same.  Mr. Cornelison seeks a declaratory judgment that he is not liable for the alleged debt and injunctive relief regarding the same.

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff Jeffrey Cornelison ("Mr. Cornelison") is an individual who is a citizen of Salt Lake County, Utah.

3.      Defendant Massachusetts Higher Education Assistance Corporation, d/b/a American Student Assistance ("ASA"), is a Massachusetts nonprofit corporation with a principal place of business in Boston, Massachusetts but which does business in the form of extending or guaranteeing loans issued in Salt Lake County, Utah.

4.      Defendant Philip H. Rosenfelt is the Acting Secretary of the United States Department of Education ("Department").  In his official capacity, the Secretary of Education oversees all operations of the Department and the administration of federal student loan programs.  This oversight extends to the administration of the loan program(s) at issue in this case and the involuntary collection of amounts owed by student loan borrowers through administrative wage garnishment.

5. Jurisdiction is proper in this Court as this action is brought pursuant to the Administrative Procedure Act to review an administrative hearing, 5 U.S.C. § 701, et seq., 28 U.S.C. § 1331, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1)-(2), as well as 28 U.S.C. § 1391(e)(1), as all of the parties either reside or do business in this District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. The challenged actions are final and subject to judicial review under 5 U.S.C. §§ 702, 704, and/or 706.

8. Mr. Cornelison has exhausted any and all available and required administrative remedies.

## GENERAL ALLEGATIONS

9. Title IV of the Higher Education Act of 1965 (the "HEA"), 20 U.S.C. §§ 1070-1099, provides the statutory authorization for federal student loans, including the Federal Family Education Loan ("FFEL") program. *Id.* § 1071, et seq.

10. The Secretary of Education oversees and is responsible for student loan programs. 20 U.S.C. § 1070(b).

11. Under the FFEL program, private lenders issue student loans, which are insured by guaranty agencies and in turn insured by the Department. *Id.* § 1078(b)-(c).

12. A guaranty agency is "[a] state or private nonprofit organization that has an agreement with the Secretary under which it will administer a loan guarantee program under the Act." 34 C.F.R. § 682.200.

13. Upon information and belief, ASA has such a guaranty agreement with the Department and is therefore a "guaranty agency."

14. The Secretary of Education has promulgated regulations that dictate certain procedures that guaranty agencies must follow in administering FFEL loans. 34 C.F.R. Part 682, Subpart D.

**Request for Judicial Review**

15. On or about July 29, 2019, ASA, through its debt collector Allied Interstate LLC ("Allied Interstate"), issued a Notice of Prior Wage Withholding pursuant to 20 U.S.C. § 1095a (the "Notice of Prior Wage Withholding"), claiming that Mr. Cornelison is indebted to it in the amount of approximately $44,000 pursuant to alleged student loans made or guaranteed against loss under the FFEL Program.

16. Mr. Cornelison objected to the Notice of Prior Wage Withholding and requested an oral administrative hearing.

17. Prior to the hearing, Mr. Cornelison submitted copious documentation to prove that the loan supposedly taken out in his name was not his, but, upon information and belief, was in fact taken out in his name by his deceased ex-wife.

18. On November 14, 2019, an hearing officer with a company called UnLtd conducted an oral administrative hearing telephonically. The hearing officer was appointed by ASA pursuant to 20 U.S.C. § 1095a.

19. A hearing transpired on that date but was ultimately continued so that Mr. Cornelison could provide additional evidence to dispute the alleged debt, but no second telephonic hearing was ever held, contrary to his right to an oral administrative hearing regarding the same.

20. On December 20, 2019, the UnLtd hearing officer issued a final decision against Mr. Cornelison, permitting ASA to execute on a writ of wage garnishment and informing Mr. Cornelison of his right to seek judicial review.

21. The decision of the UnLtd administrative hearing officer was incorrect, and is subject to review and reversal pursuant to 5 U.S.C. § 706(2) based on the facts below, including but not limited to because it was:

    a. Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

    b. Unsupported by substantial evidence; and

    c. Unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

22. The evidence demonstrating that the alleged student loan debt does not belong to Mr. Cornelison, and was in fact procured by his deceased ex-wife in his name, are as follows:

    a. Mr. Cornelison's name is spelled incorrectly throughout the form in numerous places, including the signature line;

    b. The address is spelled incorrectly;

    c. The driver's license number listed on the form is not and never has been Mr. Cornelison's driver's license number, but instead belongs to Mr. Cornelison's deceased ex-wife, and for this reason alone the debt is not enforceable against Mr. Cornelison;

    d. The email address provided on the form is not Mr. Cornelison's email address;

    e. Mr. Cornelison did not sign the document, and in fact the document just has a typed name on the signature line;

    f. The employer listed on the form was not Mr. Cornelison's employer, and the name of the company is misspelled; and

    g. The references listed on the form were not Mr. Cornelison's references, and upon information and belief, are Mr. Cornelison's now deceased ex-wife mother and friend.

  23. Furthermore, Mr. Cornelison submitted evidence that any student loans he had obtained in the past were either paid directly by him or paid off through benefits he earned under the GI Bill.

  24. Mr. Cornelison submitted evidence of the same to the UnLtd hearing officer, and the hearing officer failed to give the evidence the proper weight or otherwise acted in a manner that was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in presuming the debt belonged to Mr. Cornelison notwithstanding the presentation of this

evidence. *See* 34 CFR § 682.410(b)(9)(i)(E)(*1*) ("The guaranty agency must offer the borrower an opportunity for a hearing . . . for any objection regarding the existence, amount, or enforceability of the debt . . . ."); *see also id.* § 682.410(b)(9)(i)(F)(*1*)(*i*) ("If the agency provides evidence of the existence of the debt, the borrower must prove by the preponderance of the evidence that no debt exists, the debt is not enforceable under applicable law, the amount the guaranty agency claims the borrower owes is incorrect . . . .").

25. Furthermore, in the administrative hearing, ASA did not present sufficient evidence to prove that:

a. The electronic signature on the loan documentation was actually signed by Mr. Cornelison or from a computer he controlled or operated;

b. Billing statements, invoices, and other documents related to the debt were sent to Mr. Cornelison as opposed to his deceased ex-wife (either electronically or via regular mail) throughout the life of the loan until very recently;

c. Payments on the loan, if any, were made from bank accounts controlled by Mr. Cornelison; and

d. Payments made by ASA were made to educational institution(s) that Mr. Cornelison actually attended and/or to refinance loans paid to educational institution(s) that Mr. Cornelison actually attended.

26. Under the relevant laws and regulations, it is ASA's burden to "provide evidence of the existence of the debt." 34 CFR § 682.410(b)(9)(i)(F)(*1*)(*i*).

27. Additionally, Mr. Cornelison was not subject to the jurisdiction of the UnLtd administrative officer, as that officer was located in Idaho and Mr. Cornelison does not have the required minimum contacts sufficient to establish personal jurisdiction over him in Idaho.

28. As such, the decision of the UnLtd administrative hearing officer is subject to judicial review and reversal pursuant to 5 U.S.C. § 706(2).

29. Defendants have not yet instituted a wage garnishment on Mr. Cornelison's wages, but could do so at any minute.

30. Furthermore, ASA has not followed the required administrative procedures set out by the Secretary of Education and the Department in its efforts to collect the debt. For example, 34 C.F.R. § 682.410 requires that "[f]or a non-paying borrower, the agency must perform at least one activity every 180 days to collect the debt, locate the borrower (if necessary), or determine if the borrower has the means to repay the debt." *Id.* § 682.410(b)(6)(i).

31. ASA did not meet this requirement. Indeed, years passed between the death of Mr. Cornelison's wife and the first time ASA contacted Mr. Cornelison about the alleged debt.

32. There is also no evidence that ASA met the notice requirements of 34 C.F.R. 682.410(b)(6)(ii) (notice requirements to be met within 45 days of paying the underlying lender's default claim) or 34 C.F.R. 682.410(b)(6)(iii) (timely notice of credit reporting).

33. There is also no evidence that ASA met the requirement to report timely the existence of and balance on the allegedly defaulted loan to the credit reporting agencies. *See* 34 C.F.R. 682.410(b)(5)(i) ("After the completion of the procedures in paragraph (b)(5)(ii) of this section, the guaranty agency shall, after it has paid a default claim, report promptly, but not less

than sixty days after completion of the procedures in paragraph (b)(6)(ii) of this section, and on a regular basis, to all nationwide consumer reporting agencies . . . ."); *see also id.* 682.410(b)(5)(ii).

## CAUSE OF ACTION
### Administrative Procedure Act, 5 U.S.C. §§ 701, et seq.

34. Mr. Cornelison incorporates by reference the preceding paragraphs as if repeated herein verbatim.

35. Mr. Cornelison asks this Court to exercise review over, and set aside Defendants' denial of his objection to the wage garnishment, pursuant to the Administrative Procedure Act.

36. The denial of Mr. Cornelison's objection to the wage garnishment constitutes a final agency action reviewable under the Administrative Procedure Act.

37. For the reasons stated above, the decision of the hearing officer was:

    a. Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

    b. Unsupported by substantial evidence; and

    c. Unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

38. Furthermore, the hearing officer failed to give Mr. Cornelison the required oral administrative hearing, as was his right and which he timely requested, by not holding a second hearing after Mr. Cornelison had submitted additional evidence.

39. As such, the decision of the hearing officer is subject to review and reversal by this Court.

WHEREFORE, Mr. Cornelison requests that this Court enter a judgment and order for relief as follows:

40. Finding that Defendants' final decision regarding the administrative wage garnishment of Mr. Cornelison's debt violates the Administrative Procedure Act;

41. Reversing and/or setting aside the decision of the administrative hearing officer determining that Defendants may garnish his wages, and for a finding that the administrative hearing officer's decision violated the Administrative Procedure Act;

42. For an order of the court under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., that Mr. Cornelison is not liable to Defendants on the alleged student loan debt, which is appropriate given that:

    a. There is an actual controversy between the parties to this litigation concerning the student loan debt which Mr. Cornelison disputes and which Defendants allege is validly his, which is particular and concrete enough that it may be conclusively resolved by an order of this Court; and

    b. The Court should exercise its discretionary power to resolve this dispute in that a declaratory judgment would settle the controversy over the existence of the debt, would serve a useful purpose in clarifying the legal relations of the parties over the existence and repayment the debt, would not encroach on any state court jurisdiction, is not being used improperly for res judicata purposes or otherwise to gain advantage in subsequent litigation, and

there is no other alternative remedy that would be better or more effective in resolving this dispute;

43. Ordering Defendants to withdraw authority for the administrative garnishment of Mr. Cornelison's wages;

44. Ordering Defendants to provide Mr. Cornelison a hearing in which to present evidence regarding his challenge to the legal enforceability of the debt as required by 34 C.F.R. § 682.410(b)(9)(i)(E)(2); and

45. For any other and further relief to which Mr. Cornelison may be entitled to under law or equity and which the Court may find just and appropriate under the circumstances, including an award of attorney fees, court costs, and costs of litigation pursuant under contract or at law (28 U.S.C. § 2412); and for an order enjoining Defendants from any further efforts to collect upon the debt and to remove any negative credit reporting or other similar actions.

DATED this 22nd day of January, 2021.

                NONPROFIT LEGAL SERVICES OF UTAH

                /s/ Aaron C. Garrett
                Aaron C. Garrett
                *Attorneys for Plaintiff Jeffrey Cornelison*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of January, 2021, a true and correct copy of **AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** was served on the following in the manner and to the address indicated below:

| | |
|---|---|
| \_\_\_ US MAIL<br>\_\_\_ CERTIFIED MAIL<br>\_\_\_ OVERNIGHT MAIL<br>\_\_\_ FACSIMILE<br>\_X\_ CM//ECF<br>\_\_\_ EMAIL | PARSONS BEHLE & LATIMER<br>Alex B. Leeman (12578)<br>201 S. Main Street, Suite 1800<br>Salt Lake City, UT 84111<br>Ph: 801.523.1234<br>Fax: 801.536.6111<br>Email: aleeman@parsonsbehle.com<br>*Attorneys for Defendants* |
| \_\_\_ US MAIL<br>\_\_\_ CERTIFIED MAIL<br>\_\_\_ OVERNIGHT MAIL<br>\_\_\_ FACSIMILE<br>\_X\_ CM//ECF<br>\_\_\_ EMAIL | PILGRIM CHRISTAKIS LLP<br>Matthew Stromquist<br>321 North Clark Street, 26th Floor<br>Chicago, Illinois 60654<br>(312) 361-3457 direct<br>(303) 859-0510 mobile<br>mstromquist@pilgrimchristakis.com<br>*Attorneys for Defendants* |

   /s/ Aaron C. Garrett
Aaron C. Garrett