NONPROFIT LEGAL SERVICES OF UTAH

Aaron C. Garrett, #12519

623 East 2100 South, Suite B1

Salt Lake City, Utah 84106

Tel: (385) 419-4111

Fax: (801) 401-3504

aaron@nonprofitlegalservices.com

*Attorneys for Plaintiff Jeffrey Cornelison*

| IN THE UNITED STATES DISTRICT COURT<br>DISTRICT OF UTAH, CENTRAL DIVISION ||
|---|---|
| **JEFFREY CORNELISON**,<br><br>      Plaintiff,<br><br>v.<br><br>**MASSACHUSETTS HIGHER EDUCATION ASSISTANCE CORPORATION d/b/a AMERICAN STUDENT ASSISTANCE**, a Massachusetts Nonprofit Corporation; **MIGUEL CARDONA**, in his Official Capacity as Secretary of the United States Department of Education; and the **UNITED STATES DEPARTMENT OF EDUCATION**, a Department of the United States.<br><br>      Defendants. | **OPPOSITION TO MOTIONS TO DISMISS**<br><br>2:20-cv-00140-DBB-JCB<br><br>Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Plaintiff Jeffrey Cornelison ("Mr. Cornelison"), by and through undersigned counsel of record, respectfully submits this Opposition to Motions to Dismiss.

# INTRODUCTION

In the Department of Education's Motion to Dismiss, Doc. 62, Defendants argue this Court lacks subject matter jurisdiction for this matter under 12(b)(1) and that Mr. Cornelison's Second Amended Complaint ("Complaint") does not state a claim for which relief can be granted under 12(b)(6). ASA joins the Department of Education's Motion to Dismiss and files its own Motion to Dismiss, Doc. 63, arguing Mr. Cornelison failed to exhaust his remedies, in addition to similar arguments to the Department of Education. For the reasons set forth below, each of the Motions to Dismiss fails and should be denied.

# ARGUMENT

I. **RESPONSE TO THE DEPARTMENT OF EDUCATION'S MOTION TO DISMISS**

  A. *Mr. Cornelison's Claims Are Not Time-Barred Under 28 U.S.C. § 2401(a).*

Per 28 U.S.C. § 2401(a): "Except as provided by chapter 71 of title 41 [41 USCS §§ 7101 et seq.], every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

However, a challenger who contests the substance of an agency decision as exceeding constitutional or statutory authority may generally do so later than six years following the decision by filing a complaint for review of the adverse application of the decision to the particular challenger. *See Wind River Mining Corp. v. United States*, 946 F.2d 710, 715 (9th Cir 1991). Thus, the challenge must be brought within six years of the agency's application of the disputed decision to the challenger. *Id.* at 716.

Here, the agency adversely applied the rules that exceeded constitutional authority under the Appointments Clause, Due Process Clause, and Equal Protection Clause when the hearing officer issued her written decision December 20, 2019. Mr. Cornelison's Complaint was filed well within six years from that date. *See* Doc. 48 (filed January 20, 2022).

In addition, much of Mr. Cornelison's factual allegations in support of his Due Process claims coincide with violations of the Department of Education's own regulations. *See* Doc. 48, Complaint at ¶ 52. While the Defendants argue that Mr. Cornelison's claims are facial challenges and not substantive, as shown below, that is not the case.

**B.** ***Mr. Cornelison Does Not Fail to State an Appointments Clause Claim.***

Defendants argue that a hearing official is not an "officer" because their duties are "occasional or temporary" rather than "continuing and permanent," citing 20 U.S.C. § 1095a. However, § 1095a does not explicitly state that hearing officers are occasional or temporary.

Per 20 U.S.C. § 1095a:

> A hearing under subsection (a)(5) may not be conducted by an individual under the supervision or control of the head of the guaranty agency, except that nothing in this sentence shall be construed to prohibit the appointment of an administrative law judge. The hearing official shall issue a final decision at the earliest practicable date, but not later than 60 days after the filing of the petition requesting the hearing.

Furthermore, even if they are occasional or temporary, the Supreme Court has repeatedly found that those making final judicial or quasi-judicial decisions must be held accountable under the Appointments Clause. *See Carr v. Saul*, 141 S.Ct. 1352 (2021); *Lucia v. SEC*, 138 S. Ct. 2044 (2018); *Freytag v. Comm'r of Internal Revenue*, 501 U.S. 868 (1991).

In *Freytag v. Comm'r of Internal Revenue*, 501 U.S. 868, 884 (1991), the Supreme Court did distinguish special trial judges from Special Masters. Special Masters were appointed by judges on a temporary basis. However, Special Masters do not make final decisions as the hearing officials do here.

The power wielded by the hearing officers hired by the private guaranty agencies, temporary or not, employed directly by the agency or not, requires accountability under the Appointments Clause. Specifically, Mr. Cornelison alleges that the private administrative law judges appointed by guaranty agencies are "Officers of the United States" because their positions are created by law, they exercise substantial discretion when carrying out judicial functions, and they have the final determination in proceedings. Doc. 48, Complaint ¶ 45. As the guaranty agency is neither the President, a Court of Law, or a Head of a Department, they do not have the power to appoint Officers of the United States. *Id.* ¶ 44. Thus, the statutory and regulatory scheme is unconstitutional. *Id.* ¶ 46.

    C.    *Mr. Cornelison Does Not Fail to State a Due Process Claim.*

The Due Process Clause not only guarantees certain procedures when a deprivation of an enumerated right takes place (procedural due process), but also guarantees certain deprivations will not take place without sufficient justification (substantive due process). *Browder v. City of Albuquerque*, 787 F.3d 1076, 1078 (10th Cir. 2015). Mr. Cornelison properly stated a claim for both procedural and substantive due process in the Complaint.

To state a claim for procedural due process, Mr. Cornelison must allege sufficient facts to show (1) he possessed a protected interest in which due process protection is applicable, and (2)

he was not afforded an appropriate level of process. *See Ward v. Anderson*, 494 F.3d 929, 934 (10th Cir. 2007).

Mr. Cornelison meets both of these requirements. First, he alleged a protected property interest in his earned wages that were subject to the garnishment order. *See* Doc. 48, Complaint at ¶ 53. Second, he alleged a multitude of facts showing he was not afforded an appropriate level of process, including:

  a. Mr. Cornelison did not receive his oral hearing on the merits of the request for a garnishment;
  b. The hearing officer was located in Idaho, for which there are no minimum contacts to create jurisdiction over Mr. Cornelison;
  c. Upon information and belief, ASA has not performed at least one activity every 180 days to collect on the debt, locate Mr. Cornelison, or determine whether he has the means to repay the debt, but instead allowed the debt to languish for years;
  d. ASA did not provide Mr. Cornelison with the notice required under 34 C.F.R. 682.410(b)(6)(ii) (timely notice of credit reporting); and
  e. Upon information and belief, ASA did not meet the reporting requirements set out in 34 C.F.R. 682.410(b)(5)(i) ("After the completion of the procedures in paragraph (b)(5)(ii) of this section, the guaranty agency shall, after it has paid a default claim, report promptly, but not less than sixty days after completion of the procedures in paragraph (b)(6)(ii) of this section, and on a regular basis, to all nationwide consumer reporting agencies . . . ."). *See* Doc. 48, Complaint at ¶ 52.

To state a claim for violation of substantive due process, Mr. Cornelision "must first allege sufficient facts to show a property or liberty interest warranting due process protection." *Crider v. Bd. of County Comm'rs of Boulder*, 246 F.3d 1285, 1289 (10th Cir. 2001). Second, Mr. Cornelison "must allege facts sufficient to show that the challenged governmental action was 'arbitrary and capricious.'" *Id.* (quoting *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1119 (10th Cir. 1991)).

The Complaint meets both of these requirements. First, Mr. Cornelison claims a protectable property interest in his earned wages, which is threatened by the hearing official's December 20, 2019 Order permitting ASA to execute on a writ of wage garnishment. *See* Doc. 48, Complaint at ¶ 53.

Second, Mr. Cornelison alleges sufficient facts to show that holding Mr. Cornelison responsible for the loan and making a garnishment order was arbitrary and capricious. Governmental action is arbitrary and capricious for substantive due process purposes if it constitutes an "abus[e] of power, or employing it as an instrument of oppression." *Norton v. Village of Corrales*, 103 F.3d 928, 932 (10th Cir. 1996) (quotation omitted and alteration in original).

The facts alleged in the Complaint meet this bar. It was an abuse of power for the hearing officer to order the garnishment of Mr. Cornelison's wages where, as alleged in the Complaint and discussed below: (1) he was not notified of the debt for years after the loan was originally signed and years after his ex wife–who Mr. Cornelison believes took out the loan in his name–died, (2) the hearing officer did not give proper weight to the evidence Mr. Cornelison presented that showed he was not responsible for the debt, and (3) he was denied his right to be heard (through completion of his oral hearing on the merits). Doc. 48, Complaint ¶¶ 27-30.

According to 34 C.F.R. 682.410(b)(9)(i)(F)(l)(i), "If the agency provides evidence of the existence of the debt, the borrower must prove by a preponderance of the evidence that no debt exists, the debt is not enforceable under applicable law, the amount the guarantee agency claims the borrow owes is incorrect . . ."

As Mr. Cornelison alleges in the Complaint, he first became aware of the loan guaranteed by ASA years after the loan was taken out and years after his ex wife–who he believes took the loan out in his name without his permission–had died. Doc. 48, Complaint at ¶ 40. Nonetheless, Mr. Cornelison presented evidence to show by a preponderance of the evidence that he was not the one who took out the loan (and the loan was therefore not enforceable). First, he presented evidence showing the driver's license number listed on the form is not and never has been Mr. Cornelison's driver's license number, but instead belongs to Mr. Cornelison's deceased ex-wife. *See* Doc. 48, Complaint at ¶ 32(c). For this reason alone the debt should not be enforceable against Mr. Cornelison.

Mr. Cornelison also presented evidence that (1) his name was spelled incorrectly throughout the form in numerous places (including the signature line); (2) the address was spelled incorrectly; (3) the email address provided on the form is not Mr. Cornelison's email address; (4) Mr. Cornelison did not sign the document (the document just has a typed name on the signature line); (5) the employer listed on the form was not Mr. Cornelison's employer and the name of the company is misspelled; and (6) The reference listed on the form were not Mr. Cornelison's references, and upon information and belief, are Mr. Cornelison's now deceased ex-wife's mother and friend; and (7) any student loans Mr. Cornelison had obtained in the past were either paid directly by him or paid off through benefits he earned under the GI Bill. *See* Doc. 48, Complaint at ¶ ¶ 32-33.

As alleged in the Complaint at ¶ 34:

> Mr. Cornelison submitted evidence of the same to the UnLtd hearing officer, and the hearing officer failed to give the evidence the proper weight or otherwise

acted in a manner that was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in presuming the debt belonged to Mr. Cornelison notwithstanding the presentation of this evidence.

Finally, Mr. Cornelison did not have the opportunity to be heard. *See* Doc. 48, Complaint at ¶ 52(a). A hearing started on November 14, 2019, but was continued so Mr. Cornelison could provide additional evidence to dispute the alleged debt. *See* Doc. 48, Complaint at ¶ 28. However, the hearing officer issued a final decision on December 20, 2019, permitting ASA to execute on a writ of wage garnishment, without completing Mr. Cornelison's continued hearing. *See* Doc. 48, Complaint at ¶ ¶ 29-30. No explanation as to why the hearing was not continued was provided by the hearing officer.

The Defendants claim that Mr. Cornelison was still offered the opportunity to be heard on November 14, 2019, and accuses Mr. Cornelison of attempting another "bite of the apple." This is misleading. The hearing on November 14, 2019 was continued. *See* ASA's Motion to Dismiss, Exhibit B. As ASA admits, once opened, the hearing is not complete until the record is closed and the "hearing official notifies the parties that no additional evidence or objections will be accepted" per 34 C.F.R. 682.410(9)(i)(F)(l)(ii). *See* ASA's Motion to Dismiss, Part IV, P9. Mr. Cornelison was never notified by the hearing official that "no additional evidence or objections will be accepted" prior to issuing her decision, meaning the hearing was incomplete.

    D.    *Mr. Cornelison Does Not Fail to State an Equal Protection Claim.*

Under the Equal Protection Clause, "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV. This means that "all persons similarly situated should be treated alike." *City of Cleburne Living Ctr.*, 473 U.S. 432,

439 (1985). The Defendants argue that individuals with student loan debt held by guaranty agencies are not similarly situated to those with student loan debt held by the Department of Education.

In support it cites a nonbinding 1st Circuit case, *Signs for Jesus v. Pembroke*, 977 F.3d 93, 110 n.10 (1st Cir 2020), as "endorsing 'the principle that entities that are subject to different . . . decision-making bodies are not similarly situated.'" In that case, a church was not similarly situated to a school or the state department of transportation and therefore was subject to the town's authority. The Court found it was "not similarly situated . . . because it was not a governmental entity and its proposed sign was not for a public purpose that was statutorily or traditionally governmental in nature." *Id.* at 110. Thus, the other two entities were different in nature than the church. Here, the only difference between the borrowers is whether their loan is guaranteed by a guaranty agency or the federal government. Thus the borrowers are similarly situated in all relevant respects.

Even if private property is not a "fundamental right," for Equal Protection purposes, subjecting those whose alleged federal student loan debts are held by guarantee agencies to a quasi-judicial scheme involving the appointment of a private judge, appointed and paid for by the party who is pursuing the debt (with no ability to challenge the qualifications of impartiality of the private judge), and with zero right to appeal any legally enforceable garnishment that may result from the proceedings, is *not*, as Defendants claim "rationally related to the government's legitimate interest in the efficiency with which defaulted student loans are collected." Department of Education's Motion to Dismiss at P25.

**II.     RESPONSE TO ASA'S MOTION TO DISMISS**

As stated in the Complaint, this Court has authority to review Mr. Cornelison's claims under the Constitution of the United States, under, inter alia 28 U.S.C. § 1331 and 5 U.S.C. § 702, and has the authority to grant the relief requested under 28 U.S.C. §§ 2201-2202.

ASA is a state actor in regard to Mr. Cornelison's constitutional claims. Under the public function test, an individual may be held accountable for actions that are a traditional and exclusive function of the state. *Gross v. Samudio*, 630 Fed. Appx. 772, 778 (10th Cir 2015). The appointment of judicial officers for the purposes of issuing legally enforceable garnishment orders is a traditional and exclusive function of the state. ASA appoints judicial officers for the purposes of issuing legally enforceable orders, therefore ASA is a state actor.

Mr. Cornelison disputes ASA's claims that no additional documents were provided after November 14, 2019. Furthermore, as ASA admits, Mr. Cornelison was never notified by the hearing official that "no additional evidence or objections will be accepted," as required by 34 C.F.R. 682.410(90)(i)(F)(l)(ii), prior to issuing her decision. *See* ASA's Motion to Dismiss, Part IV, P9. As stated in Part I.C., Mr. Cornelison was entitled to be heard and did not receive a full hearing.  Doc. 48, Complaint ¶¶ 27-30.

ASA accuses Mr. Cornelison of not exhausting his remedies, yet every time Mr. Cornelison gave ASA what they asked for, they came up with another hoop for him to jump through. Intentional or not, the evidence Mr. Cornelison undisputedly provided prior to November 14, 2019 was more than sufficient to prove the loan was unenforceable by a preponderance of the evidence.

## CONCLUSION

For all of the foregoing reasons, the Motions to Dismiss should be denied.

DATED this 29th day of June, 2022.

                              NONPROFIT LEGAL SERVICES OF UTAH

                              /s/ Aaron C. Garrett
                              Aaron C. Garrett
                              *Attorneys for Plaintiff Jeffrey Cornelison*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of June, 2022, a true and correct copy of **OPPOSITION TO MOTIONS TO DISMISS** was served on the following in the manner and to the address indicated below:

| | |
|---|---|
| \_\_\_ US MAIL<br>\_\_\_ CERTIFIED MAIL<br>\_\_\_ OVERNIGHT MAIL<br>\_\_\_ FACSIMILE<br>\_x\_ CM//ECF<br>\_\_\_ EMAIL | PARSONS BEHLE & LATIMER<br>Alex B. Leeman (12578)<br>201 S. Main Street, Suite 1800<br>Salt Lake City, UT 84111<br>Ph: 801.523.1234<br>Fax: 801.536.6111<br>Email: aleeman@parsonsbehle.com<br>*Attorneys for Defendant Massachusetts Higher Education Assistance Corporation* |
| \_\_\_ US MAIL<br>\_\_\_ CERTIFIED MAIL<br>\_\_\_ OVERNIGHT MAIL<br>\_\_\_ FACSIMILE<br>\_x\_ CM//ECF<br>\_\_\_ EMAIL | UNITED STATES ATTORNEY<br>Amanda A. Berndt, (15370)<br>Assistant U.S. Attorney<br>111 South Main, Suite 1800<br>Salt Lake City, Utah 84111<br>(801) 325-3267 (direct)<br>(801) 834-9450 (mobile)<br>amanda.berndt@usdoj.gov<br><br>US DEPT OF JUSTICE<br>Andrew F. Freidah, DC Bar No. 1048857<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.,<br>Washington, DC 20005<br>Tel.: (202) 305-0879<br>andrew.f.freidah@usdoj.gov<br>*Attorneys for Defendants Miguel Cardona and United States Department of Education* |

   /s/ Aaron C. Garrett
Aaron C. Garrett